# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REMBRANDT VISION TECHNOLOGIES, L.P.., <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON AND JOHNSON VISION CARE, INC., <br><br> Defendant. | Civil Case No.: <br> 1:11-mi-00044-JOF-LTW <br><br> Underlying Proceeding: <br> Civil Action No. 2:09-CV-00200-TJW; United States District Court for the Eastern District of Texas (Marshall Division) |

## JOHNSON & JOHNSON VISION CARE'S OPPOSITION TO REMBRANDT VISION'S MOTION TO COMPEL NON-PARTY CIBA VISION TO COMPLY WITH SUBPOENA

Trenton Ward  
(GA Bar No. 737779)  
**TROUTMAN SANDERS**  
Bank of America Plaza, Suite 5200  
600 Peachtree Street, N.E.  
Atlanta, GA 30308  
Telephone: (404) 885-3000  
Facsimile: (404) 885-3900  
Email: trenton.ward@troutmansanders.com  

Alexander Rozenblat (*Pro Hac Vice*)  
(IL Bar No. 6279723)  
**JENNER & BLOCK**  
353 N. Clark Street  
Chicago, Illinois 60654-3456  
Telephone: (312) 840-8664  
Facsimile: (312) 840-8764  
Email: arozenblat@jenner.com  

**Attorneys for Defendant**
**Johnson & Johnson Vision Care, Inc**.

Johnson & Johnson Vision Care, Inc. ("JJVC") respectfully submits this opposition to the motion to compel of Rembrandt Vision Technologies, L.P. ("Rembrandt"), wherein Rembrandt seeks to compel CIBA Vision Corp. ("CIBA") to produce license and settlement agreements formed between CIBA and various contact lens manufacturers, including a settlement agreement between JJVC and CIBA ("the JJVC-CIBA settlement").[1]  (D.I. 3).  For the following reasons, Rembrandt's motion should be denied.

**ARGUMENT**

The JJVC-CIBA settlement is not relevant to the pending litigation between JJVC and Rembrandt ("*Rembrandt v. JJVC*") and is therefore outside the scope of permissible discovery.  *See* Fed. R. Civ. P. 26(b)(1).  Although Rembrandt asserts that the JJVC-CIBA settlement is relevant because it pertains to the accused products, (D.I. 3 at 6), there are three features of the settlement agreement that, when taken together, render it irrelevant.

*First*, the settlement does not involve the patent-in-suit (U.S. Patent 5,712,327) in the underlying *Rembrandt v. JJVC* litigation.  The Federal Circuit has recently made clear that license agreements not involving the patent-in-suit are

---

[1] JJVC limits its opposition to the production of the JJVC-CIBA license, in which JJVC has a personal interest.  *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) ("[A] party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'").

1

of dubious value in computing a reasonable royalty.  *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("This court has long required district courts performing reasonable royalty calculations to exercise vigilance when considering past licenses to technologies *other* than the patent in suit." (emphasis in original)).  In *ResQNet*, the Federal Circuit vacated a damages award that was premised on licenses that did not "mention[] the patents in suit or show[] any other discernible link to the claimed technology." *Id.* at 870.  Thus, the fact that the JJVC-CIBA settlement does not involve the '327 patent alone shows that the agreement is irrelevant to the underlying *Rembrandt v. JJVC* litigation.  *See, e.g., Douglas Dynamics, LLC v. Buyers Prods. Co.*, 2010 WL 4118098, at *1 (W.D. Wis. Oct. 8, 2010) ("In this case, however, the '700 patent is no longer at issue.  Relevance of a license of the '700 patent is, therefore, extremely weak.").

*Second*, the fact that the agreement Rembrandt seeks to compel is a settlement agreement entered into after six years of multi-jurisdictional litigation further supports its total irrelevance.  This fact erodes Rembrandt's claim to relevancy of the JJVC-CIBA settlement for two reasons.  To begin, settlement agreements are negotiated in the midst of concerns such as litigation expenses and are therefore quite unlike the hypothetical license of a reasonable royalty analysis.  *See, e.g., Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 WL 1727916, at *1 (E.D. Tex. Apr. 28, 2010) ("It is a century-old rule that royalties paid to avoid

litigation are not a reliable indicator of the value of a patent, and should therefore be disregarded when determining reasonable royalty rates. . . . Many considerations other than the value of the improvements patented may induce the payment in such cases. The avoidance of the risk and expense of litigation will always be a potential motive for a settlement." (internal quotations omitted)); *see also Abbott Labs. v. Sandoz, Inc.*, 743 F. Supp. 2d 762, 767 (N.D. Ill. 2010) ("It is clear that these license agreements would be inadmissible under Fed.R.Evid. 408 and the wealth of cases excluding evidence of settlement agreements offered to establish reasonable royalty rates in the context of patent infringement. . . . [B]ecause many considerations contribute to settlement agreements, such agreements are not very reliable guides for determining the value of a reasonable royalty.").

In addition, the duration of the litigation between JJVC and CIBA that preceded the JJVC-CIBA settlement further removes the negotiation setting of this agreement from the hypothetical setting. *See ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 813 (E.D. Va. 2011) ("The minimal probative value that can be attributed to settlement agreements that ensue litigation is even less where, as here, the settlement agreements occurred years after the hypothetical negotiation called for by *Georgia-Pacific* analysis would have occurred."). Thus, the fact that

the JJVC-CIBA settlement arose out of lengthy litigation further decimates any relevancy of the agreement in the *Rembrandt v. JJVC* litigation.

*Third*, the JJVC-CIBA settlement is a complex agreement that involves cross-licenses and covers worldwide activities.  As such, it is fundamentally different from the hypothetical license envisioned in a reasonable royalty analysis, which encompasses only the patent-in-suit and can cover only U.S. sales.  This aspect of the agreement further diminishes any relevance of it to a determination of what a reasonable royalty for the use of the '327 patent would be.  *See id.* ("[T]he two settlement agreements used by Dr. Magnum call for lump sum payments and they include extensive cross-licensing agreements respecting numerous patents.  Thus, they differ considerably from the factual predicates present here where the hypothetical negotiation does not involve a lump sum payment or cross-licensing of a wide variety of patents.").

In sum, a consideration of the totality of the circumstances surrounding the JJVC-CIBA settlement yields the inescapable conclusion that the agreement is not relevant to a reasonable royalty analysis in the *Rembrandt v. JJVC* lawsuit.  In circumstances such as this, courts have denied the discovery of settlement agreements.  *See Block Drug Co. v. Sedona Labs., Inc.*, 2007 WL 1183828, at*1 (D. Del. Apr. 19, 2007) (denying motion to compel and noting that "while admissibility and discoverability are not equivalent, it is clear that the object of the

inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue"); *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552-53 (S.D. Ind. 1999) (denying motion to compel and observing that "[b]ecause opposing parties might settle cases for various and not necessarily mutual reasons, it can not [sic] be assumed that terms of settlement would be relevant to the issues of liability or damages."). Thus, the JJVC-CIBA settlement is outside the scope of discovery and need not be produced.

**CONCLUSION**

For the foregoing reasons, JJVC respectfully requests that this Court deny Rembrandt's motion to the extent that it seeks to compel CIBA to produce the JJVC-CIBA settlement license.[2]

Respectfully submitted this 8th day of July, 2011.

/s/ Trenton Ward
Trenton Ward
Georgia Bar No. 737779
**TROUTMAN SANDERS LLP**
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Tel. (404) 885-3000
Fax. (404) 885-3900

---

[2] For reasons stated herein, JJVC also opposes Rembrandt's motion to compel licenses between CIBA and various other contact lens manufacturers not involving the underlying patent-in-suit.

Alexander Rozenblat (*Pro Hac Vice*)
 (IL Bar No. 6279723)
**JENNER & BLOCK**
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 840-8664
Facsimile: (312) 840-8764
Email:	arozenblat@jenner.com

**Attorneys for Defendant
Johnson & Johnson Vision Care, Inc**.

## FONT CERTIFICATION

I hereby certify that this document is presented in Times New Roman 14.

/s/ Trenton A. Ward

Trenton A. Ward

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2011, I electronically filed a true and correct copy of the foregoing **JOHNSON & JOHNSON VISION CARE'S OPPOSITION TO REMBRANDT'S MOTION TO COMPEL NON-PARTY CIBA VISION TO COMPLY WITH SUBPOENA** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Katharine M. Burnett
>Eric D. Swartz
>Demetrius T. Lockett

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Ryan M. Schultz
>Robins Kaplan Miller & Ciresi
>800 LaSalle Avenue
>2800 LaSalle Plaza
>Minneapolis, MN 55402-2015

>Diane L. Simerson
>Robins Kaplan Miller & Ciresi
>800 LaSalle Avenue
>2800 LaSalle Plaza
>Minneapolis, MN 55402-2015

This 8th day of July, 2011

>/s/ Trenton A. Ward
>Trenton A. Ward